UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-197-KSF

LOWELL FIELDS                                                         PLAINTIFF

v.                             **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                         DEFENDANT

\* \* \* \* \* \* \* \* \*

The plaintiff, Lowell Fields, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was made pursuant to proper legal standards.

I.       FACTUAL AND PROCEDURAL BACKGROUND

Fields filed his claim for DIB and SSI on August 26, 2006, alleging an onset date of June 25, 2003 [TR 110-115]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on July 21, 2008 [TR 1-13]. Fields subsequently requested review by the Appeals Council. The Appeals Council declined Fields' request for review on April 24, 2009 [TR 14-17]. Fields has exhausted his administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

At the time the ALJ rendered his decision, Fields was 45-years-old [TR 67, 111]. He

1

attended school through the eighth grade and has past relevant work experience as a foreman for a construction company [TR 130, 133]. Fields claims that he became unable to work beginning on June 25, 2003, due to lower back pain stemming from an injury on the job [TR 129].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the ALJ must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)  If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)  If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

(3)  If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4)  If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.

(5)  Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is

work available in the economy that the claimant can perform." *His v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

      In this matter, the ALJ first noted that Fields meets the insured status requirements of the Social Security Act and thus is eligible to apply for DIB benefits. [TR 7]. Then, the ALJ began his analysis at step one by determining that Fields has not engaged in substantial gainful activity since his alleged onset date. [TR 7]. At step two, the ALJ found that Fields suffers from the severe impairments of borderline intellectual functioning, obesity, major depressive disorder, anxiety, not otherwise specified, chronic low back and right leg pain and weakness secondary to degenerative disc disease of the lumbar spine with facet joint arthritis, enzymopathy, obstructive sleep apnea responsive to CPAP, chronic obstructive pulmonary disease, and non-insulin dependent diabetes [TR 7]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 7].

      At the final steps, the ALJ found that Fields has the residual functional capacity ("RFC") to perform light and sedentary work. He is capable of lifting, carrying, pushing and pulling 20 pounds occasionally and 10 pounds frequently. He can sit, stand and/or walk 6 hours each in an 8-hour workday but requires a sit/stand option at one-hour intervals. He should avoid climbing ropes, ladders or scaffolds but can occasionally climb stairs or ramps. He can occasionally balance, stoop, kneel, crouch or crawl, he should avoid operation of foot pedal controls and should have no exposure to concentrated dust, gases, fumes, smoke, poor ventilation, excess humidity or temperature extremes and should have no exposure to industrial hazards. [TR 9]. With respect to his mental RFC, the ALJ found that Fields requires entry-level work with simple repetitive procedures, no frequent changes

in work routines, no requirement for detailed or complex problem solving, independent planning or the setting of goals and should have only occasional interaction with co-workers, supervisors or the general public. [TR 9]. An RFC is the assessment of a claimant's maximum remaining capacity to perform work-related activities despite the physical and mental limitations caused by the claimant's disability. 20 C.F.R. § 404.1545(a)(1), 416.945(a)(1).

Based on this RFC, the ALJ found that Fields is unable to return to his past relevant work as a construction worker [TR 12]. Considering the testimony of the Vocational Expert ("VE"), the ALJ found that Fields is capable of making a vocational adjustment to other work. The ALJ noted that under the Medical-Vocational Guidelines, if Fields were capable of performing a full range of light work, a finding of not disabled would be mandated. However, because his ability to perform a full range of light work is limited by some non-exertional limitations, the ALJ relied on the VE's testimony that given Fields' age, education, past relevant work experience and RFC, he maintains the capacity for limited light work that exists in a significant number in the economy [TR 12-13]. Consequently, the ALJ determined that Fields was not disabled within the meaning of the Social Security Act [TR 13].

## II.     GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial

evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See His*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### III. ANALYSIS

On appeal, Fields argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards for two reasons. First, Fields contends that the ALJ failed to accord appropriate weight to the disabling opinion of his treating doctors, Dr. Steven D. Green and Dr. M. Nicholas Martin. Second, Fields argues that the ALJ erred by failing to properly consider his subjective complaints of disabling pain. For the reasons set forth below, the Court rejects Fields' arguments and concludes that the ALJ's decision was based on substantial evidence and decided by the proper legal standards.

### A. THE ALJ PROPERLY DISCOUNTED THE OPINION OF FIELDS' TREATING PHYSICIANS, DR. MARTIN AND DR. GREEN

It is well established that the findings and opinions of treating physicians are entitled to substantial weight. "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 530-31 (6th Cir. 1997); *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir.

5

1985)("The medical opinions and diagnoses of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference"). Likewise, a treating physician's opinion is entitled to weight substantially greater than that of a non-examining medical advisor. *Harris*, 756 F.2d at 435. If a treating physician's "opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case," the opinion is entitled to controlling weight. 20 C.F.R. § 404.1527(d)(2); *see also Walters*, 127 F.3d at 530.

The Social Security regulations recognize the importance of longevity of treatment, providing that treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. . . ." 20 C.F.R. § 404.1527(d)(2). Thus, when weighing the various opinions and medical evidence, the ALJ must consider other pertinent factors, such as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the opinion's supportability by evidence and its consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(2)-(6); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). In terms of a physician's area of specialization, the ALJ must generally give "more weight to the opinion of a specialist about medical issues related to his or his area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

However, the Commissioner is not bound by a mere conclusory statement of a treating

physician, particularly whether it is unsupported by detailed, objective criteria and documentation. *See Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). In other words, the supportability of a treating physician's opinion depends on the degree to which the source presents relevant evidence to support the opinion, and in particular, support the opinion with medical signs and laboratory findings. 20 C.F.R. §§ 416.927(a), (d)(3). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, *2 (1996). If an ALJ declines to accord controlling weight to a treating physician opinion, then the ALJ must give good, specific reasons for the weight accorded the opinion. *Wilson*, 378 F.3d at 544. This is essentially a procedural safeguard, ensuring that a claimant understands the disposition of his case, and that the ALJ applied the treating physician rule so as to provide meaningful judicial review of that application. *Id*. at 544-45.

Fields argues that the ALJ erred by rejecting the opinion of Dr. Martin and Dr. Green. In April, 2007, Dr. Martin and Dr. Green completed physical capacities evaluations and both opined that Fields is capable of less than sedentary work. Dr. Martin opined that Fields could sit for one hour in an 8-hour workday and stand and walk for one hour in an 8-hour workday; but that he could never lift or carry any weight, never use his hands for simple grasping, pushing and pulling and fine manipulation, and never bend, squat, crawl, climb or reach above shoulder level. [TR 369]. Dr. Green opined that Fields could perform the following exertional activities: sit, stand and walk for two hours in an eight-hour workday; occasionally carry up to ten pounds; use his hands for simple grasping, pushing and pulling and fine manipulation; and occasionally reach above shoulder level.

7

[TR 370]. The ALJ rejected the opinions of Dr. Martin and Dr. Green as it pertained to Fields' abilities because they were inconsistent with their treatment notes and Fields' reported activities of daily living [TR 11-12].

Substantial evidence supports the ALJ's decision to reject the opinions of Dr. Martin and Dr. Green. The great weight afforded to treating physicians is predicated on a treating source opinion being well-supported by detailed objective medical documentation. *See* 20 C.F.R. § 404.1527(d)(2); *Cohen v. Sec'y of Health and Human* Serv., 964 F.2d 524, 528 (6th Cir. 1992). While the medical records of Dr. Martin and Dr. Green do document a continuing course of treatment for Fields, the record simply lacks detailed objective medical findings to support their opinions. There are simply no objective medical findings to support their opinions concerning his ability to sit, stand, and walk. Prior to October 17, 2006, Dr. Martin had not seen Fields since November 28, 2005, almost a full year. Dr. Martin noted joint pain and tenderness but noted no neurological deficits and little extremity swelling. Dr. Green's treatment records show a only a little weakness and numbness and that Fields was neurologically intact. More often than not, Dr. Green noted that Fields was "healthy appearing" and that his pain is controlled with medication. [TR 11]. These minor notes are not sufficient to entitle the doctors' opinions controlling weight.

The opinions of Drs. Green and Martin are inconsistent with other assessments in the record. Specifically, the assessment of Drs. Kelly Salmon and James Ramsey. Both Dr. Salmon and Dr. Ramsey completed RFC assessments and opined that Fields could lift/carry 20 pounds occasionally and 10 pounds frequently and that he could stand/walk 6 hours and sit for 6 hours in an 8-hour workday. They placed no limits on his ability to push/pull and said that he could occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs; however, he could never climb

ladders, ropes or scaffolds and needed to avoid exposure to vibration, machinery and heights. These opinions are supported by the record as a whole and the ALJ gave them the proper weight.

Finally, as the ALJ found, Dr. Martin and Dr. Green's opinions are inconsistent with Fields' reported activities of daily living. Fields testified that he takes care of household chores, dishes, sweeping, laundry and yard work. He is able to feed, dress and bathe himself. These activities are not consistent with Dr. Martin and Dr. Green's opinions regarding Fields' ability to sit, stand, and walk.

Accordingly, substantial evidence supports the ALJ's conclusion that Dr. Martin and Dr. Green's opinions are not entitled to controlling weight. By explicitly addressing the doctors' opinions and setting forth good reasons for not according them controlling weight, the ALJ fully complied with the procedural safeguards set out in the regulations and *Wilson*.

Additionally, the ALJ properly gave little weight to a psychological consultative evaluation by Dr. Susan Lear. Dr. Lear gave Fields a Global Assessment Functioning score of 50. Dr. Lear's assessment was based on Fields' subjective complaint alone and was not supported by treatment records. Further, Fields was not receiving treatment for mental issues and no physician noted any significant mental problems. Thus, the ALJ did not act improperly when he gave the GAF score little weight.

      **B.    SUBJECTIVE COMPLAINTS OF DISABLING PAIN**

Fields also argues that the ALJ erred by failing to properly consider his subjective complaints of disabling pain. The ALJ found that although Fields' medically determinable impairments could reasonably be expected to produce the alleged symptoms, his statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent

with the residual functional capacity assessment. He has never sought treatment for depression and anxiety. Further, the objective medical evidence does not support his complaints of disabling pain. There has been little change in his physical examination and treatment and he is usually described as "healthy appearing" with objective medical findings limited to a notation of back tenderness. As far as his activities of daily living, Fields reported that he takes care of household chores, dishes, sweeping, laundry and yard work. As the ALJ found, these activities are inconsistent with disabling pain. Accordingly, substantial evidence supports the ALJ's decision to discredit Fields' subjective complaints of disabling pain.

IV.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS**:

(1)   the plaintiff's motion for summary judgment [DE #9] is **DENIED**;

(2)   the Commissioner's motion for summary judgment [DE #10] is **GRANTED**;

(3)   the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

(4)   a judgment will be entered contemporaneously with this Opinion and Order.

This February 26, 2010.



Signed By:
_Karl S. Forester_   KSF
**United States Senior Judge**